# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR421-135-14 |
| | ) | |
| WALTER WINGSTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

On March 11, 2022, the Court entered a Report and Recommendation recommending that Wingster be committed to the custody Attorney General, pursuant to 18 U.S.C. § 4241(d)(1). Due to clerical error, the Court mistakenly referred to "revocation proceedings." *See* doc. 272 at 3. To correct that mistake, the prior Report and Recommendation is **VACATED** and replaced.

On September 29, 2021, the Court ordered a forensic psychological examination of defendant Walter Wingster after finding reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Doc. 112. After evaluating Wingster at the Federal Correctional Institution in Butner, North Carolina, his examiners found that Wingster "does not

appear to possess a rational understanding of the legal process or an appreciation of his case." Doc. 271 at 9. His evaluators, therefore, concluded that Wingster is not competent to stand trial. *Id.*

On March 10, 2022, the Government and defendant filed a stipulation agreeing that neither had any objection to the evaluating physician's "procedures, evaluation, findings, diagnosis, or prognosis," and waived their respective rights to present additional evidence at a competency hearing. Doc. 270 at 2. The parties further jointly recommended that defendant be committed to the custody of the Attorney General for treatment and evaluation, pursuant to 18 U.S.C. § 4241(d)(1). *Id.*

Given the agreement of counsel for defendant and the Government, and the examining psychologist's recommendation, the Court should find that the evidence preponderates that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and competency restoration procedures are, therefore, appropriate. 18

U.S.C. § 4241(d). It is **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. 18 U.S.C. 4241(d)(1); *see United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

3

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this 18th day of March, 2022.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA