# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CR421-135-14 |
| ) | |
| WALTER WINGSTER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On April 7, 2022, the Court determined that defendant Walter Wingster was suffering from a mental disease or defect rendering him mentally incompetent. Doc. 294 at 1. He was committed to the custody of the Attorney General for treatment, pursuant to 18 U.S.C. § 4241. *Id.* The director of the facility where Wingster would be hospitalized was directed to notify the Court when he had "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court." *Id.* at 1-2 (citing 18 U.S.C. § 4241(e)). On April 17, 2023, the Court received a report from the warden of the Federal Medical Center in Butner, North Carolina, requesting "an additional period of [competency] restoration for a

reasonable amount of time pursuant to 18[ ] U.S.C. § 4241(d)(2)." Doc. 450 at 14.

Both defendant and the Government stipulate to the report's findings. Doc. 451. The parties, jointly, endorse the examiner's request that "Defendant be committed to the Attorney General for continued treatment and restoration." *Id.* at 2. The Court, therefore, should adopt the Report's unrebutted finding that "there is a substantial probability that within [an] additional period of time [Defendant] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2); *see also* doc. 450 at 14 (reporting "with ongoing restoration efforts, [Wingster] will likely be restored to competency in the future."). While the period for competency restoration is flexible, "[a] federal court which has committed a person as mentally incompetent has a duty to inquire from time to time into the mental status of such person." *United States v. Farmer*, 110 F. Supp. 3d 1355, 1357 (S.D. Ga. 2015) (quoting *Begay v. United States*, 2015 WL 1540982, at *3 (D. Colo. Apr. 1, 2015)) (internal quotation marks omitted). Wingster's examiners propose semi-annual reports, pursuant to 18 U.S.C. § 4247(e)(1)(A). The Court should adopt that proposal.

In summary, the Court should find that Wingster "is presently suffering from a mental disease or defect rending him mentally incompetent," 18 U.S.C. § 4241(d), and "that there is a substantial probability that within [an] additional period of time he will attain the capacity to permit the proceedings to go forward," 18 U.S.C. § 4241(d)(2)(A). Accordingly, the Court should commit him to the custody of the Attorney General until "his mental condition is so improved that trial may proceed." *Id.* The director of the facility should be directed to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court. 18 U.S.C. § 4241(e). If his competency has not been restored within six months from the date of this Order, the director of the facility should be directed to submit semi-annual reports until further Ordered by the Court. 18 U.S.C. § 4247(e)(1)(A).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of May, 2023.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia